1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                SAN JOSE DIVISION

10   SIMONA GARCIA,                          CASE NO. 5:12-cv-01670 EJD

11                                           **ORDER GRANTING DEFENDANT'S**
                         Plaintiff(s),       **MOTION TO DISMISS; DENYING AS**
12          v.                               **MOOT DEFENDANT'S MOTION TO**
                                             **STRIKE**
13   WELLS FARGO BANK, et. al.,

14                                           [Docket Item No(s). 11, 12]
                         Defendant(s).
15   _____/

16                            **I.   INTRODUCTION**

17          In this foreclosure-related action, pro se Plaintiff Simona Garcia ("Plaintiff") obtained a loan

18   in April, 2007, from World Savings Bank secured by real property located in Gonzales, California.

19   See Def. Request for Judicial Notice ("RJN"), Docket Item No. 13, at Ex. A.  Plaintiff defaulted on

20   the loan payments and the property was eventually subject to a foreclosure sale in June, 2011.  See

21   id., at Exs. F, G.[1]  World Savings Bank was later acquired by instant Defendant Wells Fargo Bank

22   ("Wells Fargo").  See id., at Exs. C, D, E.

23          Plaintiff initiated the present action in Monterey County Superior Court as a challenge to the

24   foreclosure.  Wells Fargo removed the action to this court, and now moves to dismiss Plaintiff's

25   _____

26        [1]  Defendant's Request for Judicial Notice is GRANTED to the extent referenced in this
     Order.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010
27   U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No.
     CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May
28   12, 2010).

United States District Court
For the Northern District of California

1   claims pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 12. In a

2   companion motion, Wells Fargo alternatively requests the court strike portions of the Complaint.

3   See Docket Item No. 11. Plaintiff has not filed written opposition to either motion, and the time for

4   filing such opposition has passed.

5          Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully reviewed the

6   relevant documents, the court finds these matters suitable for decision without oral argument

7   pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for September 14, 2012,

8   will be vacated. For the reasons stated below, Defendant's Motion to Dismiss will be granted and

9   the Motion to Strike will be denied as moot.

10                              **II.   LEGAL STANDARD**

11          Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

12  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

13  rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A

14  complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

15  upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is

16  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

17  cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

18  2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

19  speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

20          When deciding whether to grant a motion to dismiss, the court generally "may not consider

21  any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

22  1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual

23  allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). The court must also

24  construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d

25  1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the

26  complaint or relied upon in the complaint, and may also consider material subject to judicial notice.

27  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly

28

**United States District Court**
For the Northern District of California

                                              2

Case No. 5:12-cv-01670 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO
STRIKE

1  submitted as part of the complaint may be considered." <u>Twombly</u>, 550 U.S. at 555.  But "courts are

2  not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Id</u>.

3                                    **III.   DISCUSSION**

4          Wells Fargo primarily argues that all of the state law claims contained in the Complaint are

5  preempted by the Home Owners' Loan Act ("HOLA").[2]  The court agrees.

6          **A.      The Claims are Preempted by HOLA**

7          Federal preemption of state laws stems from the Supremacy Clause of the Constitution.

8  <u>Barrientos v. 1801-1825 Morton, LLC</u>, 583 F.3d 1197, 1208 (9th Cir. 2009).  "[T]he laws of the

9  United States . . . shall be the supreme law of the land . . . any Thing in the Constitution or laws of

10 any state to the contrary notwithstanding."  U.S. Const. art. VI, cl. 2.

11         Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police

12 powers of the States were not to be superseded by the Federal Act unless that was the clear and

13 manifest purpose of Congress.'"  <u>City of Columbus v. Ours Garage & Wrecking Service, Inc.</u>, 536

14 U.S. 424, 438 (2002) (quoting <u>Medtronic, Inc. v. Lohr</u>, 518 U.S. 470, 485 (1996)).  Congressional

15 intent is therefore the "ultimate touchstone" of preemption inquiry.  <u>Medtronic</u>, 518 U.S. at 485.

16 Such intent may be "explicitly stated in the statute's language or implicitly contained in its structure

17 and purpose."  <u>Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta</u>, 458 U.S. 141, 152-53 (1982).

18 State law may also be preempted by federal regulations.  <u>Id</u>. at 153.  "Where Congress has directed

19 an administrator to exercise his discretion, his judgments are subject to  judicial review only to

20 determine whether he has exceeded his statutory authority or acted arbitrarily."  <u>Id</u>.  If these

21

22 ────────────────

23        [2] As previously noted, Plaintiff obtained the loan from World Savings Bank.  <u>See</u> Compl., at
   ¶ 15.  At that time, World Savings Bank was "chartered under the laws of the United States to
   transact the business of a Federal savings bank."  <u>See</u> RJN, at Ex. C.  The name of World Savings

24 Bank was changed to Wachovia Mortgage effective December 31, 2007, and was subsequently
   acquired by a national banking association, namely Wells Fargo Bank.  <u>See</u> <u>id</u>., at Exs. D, E.  Under

25 these circumstances, district courts have held that HOLA preemption applies to all conduct relating
   to the acquired loan.  <u>DeLeon v. Wells Fargo Bank, N.A.</u>, 729 F. Supp. 2d 1119, 1126 (N.D. Cal.

26 2010); <u>Haggarty v. Wells Fargo Bank, N.A.</u>, No. C 10-02416 CRB,  2011 U.S. Dist. LEXIS 9962, at
   *10-11, 2011 WL 445183 (N.D. Cal. Feb. 2, 2011); <u>Guerrero v. Wells Fargo Bank, N.A.</u>, No. CV

27 10-5095-VBF(AJWx), 2010 U.S. Dist. LEXIS 96261, at *8-9 (C.D. Cal. Sep. 14, 2010); <u>Zlotnik v.</u>
   <u>U.S. Bancorp</u>, No. C 09-3855 PJH, 2009 U.S. Dist. LEXIS 119857, at *17-19, 2009 WL 5178030

28 (N.D. Cal. Dec. 22, 2009).

**United States District Court**<br>For the Northern District of California

Case No. 5:12-cv-01670 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO
STRIKE

conditions are met, "the statutorily authorized regulations of an agency will pre-empt any state or local law that conflicts with such regulations or frustrates the purposes thereof." <u>New York v. Fed. Commc'ns Comm'n</u>, 486 U.S. 57, 64 (1988).

There are times when the traditional presumption against preemption does not apply. Indeed, the presumption is "not triggered when the State regulates in an area where there has been a history of significant federal presence." <u>United States v. Locke</u>, 529 U.S. 89, 108 (2000). As relevant here, "Congress has legislated in the field of banking from the days of <u>McCulloch v. Maryland</u>, 17 U.S. 316, 325-26, 426-27, 4 L. Ed. 579 (1819), creating an extensive federal statutory and regulatory scheme." <u>Bank of Am. v. City & County of San Francisco</u>, 309 F.3d 551, 558 (9th Cir. 2002). HOLA was enacted "to charter savings associations under federal law, at a time when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent." <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1004 (9th Cir. 2008). One of HOLA's central purposes was to restore public confidence in the banking system by consolidating the regulation of savings and loan associations with the federal government. <u>Id</u>. To achieve this purpose, Congress authorized the Office of Thrift Supervision ("OTS") to promulgate regulations governing federal savings associations. 12 U.S.C. § 1464; <u>Silvas</u>, 514 F.3d at 1005. OTS occupies the entire field in that regard. 12 C.F.R. § 560.2(a) (2011).

HOLA's implementing regulations set forth a list, "without limitation," of the categories of state laws that are expressly preempted:

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>  . . . .
> Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
>  . . . .
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>  . . . .
> Processing, origination, servicing, sale or purchase of, or investment

Case No. 5:12-cv-01670 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

1    or participation in, mortgages . . . .

2    12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10) (2011).

3    Although HOLA and its related regulations have been described as "so pervasive as to leave

4    no room for state regulatory control," state laws may nonetheless survive a preemption claim in

5    limited circumstances.  Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th

6    Cir. 1979), aff'd, 445 U.S. 921.  Those state laws which "only *incidentally affect* the lending

7    operations of Federal savings associations or are otherwise consistent with the purposes of" the

8    regulations may not be preempted.  12 C.F.R. § 560.2(c) (emphasis added).  In order to determine

9    whether a particular state law has such an effect, the Ninth Circuit has provided the following

10   process:

> When analyzing the status of state laws under § 560.2, the first step
> will be to determine whether the type of law in question is listed in
> paragraph (b).  If so, the analysis will end there; the law is preempted.
> If the law is not covered by paragraph (b), the next question is whether
> the law affects lending.  If it does, then, in accordance with paragraph
> (a), the presumption arises that the law is preempted. This presumption
> can be reversed only if the law can clearly be shown to fit within the
> confines of paragraph (c).  For these purposes, paragraph (c) is
> intended to be interpreted narrowly.  Any doubt should be resolved in
> favor of preemption.

17   Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sep. 30, 1996)).

18   Here, Plaintiff asserts five claims based in state law: common law fraud (Claim 1), violation

19   of the Predatory Lending Act, California Financial Code § 4970 et. seq.  (Claim 2), violation of

20   California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et. seq.

21   (Claim 3), declaratory relief (Claim 4), and cancellation of deeds procured by fraud (Claim 5).

22   Critical to these claims is the allegation that Wells Fargo, through its predecessor, engaged in

23   misrepresentation in one form or another during the loan origination process.  See, e.g., Compl., at

24   ¶¶ 20 ("Wells Fargo Bank never informed plaintiff of the adjustable rate or negative amortization

25   features of the loan."), 21 ("Defendants and each of them were willing to approve Plaintiff's loan

26   despite Plaintiff being unable to afford the monthly payments on the loan approved by Defendant

27   Wells Fargo Bank."), 26, 35, 41, 44, 47.  For this reason, each of the state laws and doctrines

28

**United States District Court**
For the Northern District of California

5

Case No. 5:12-cv-01670 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

United States District Court

For the Northern District of California

1   invoked by Plaintiff would regulate lending in a way expressly contemplated by the "terms of

2   credit," "disclosure," and "origination" portions of § 560.2.  The court therefore finds that the claims

3   are preempted by HOLA.  See Andrade v. Wachovia Mortg., FSB, 2009 U.S. Dist. LEXIS 34872,

4   *7-9, 2009 WL 1111182 (S.D. Cal. Apr. 21, 2009) (citing Silvas, 514 F.3d at 1006).

5          **B.    The Claims are Deficiently Plead**

6          Although the entire Complaint is subject to dismissal as preempted, the court nonetheless

7   addresses additional defects in Plaintiff's pleading.  To begin, three of the claims are untimely.  The

8   first claim for fraud is barred by the applicable three-year statute of limitations because all of the

9   acts constituting this claim occurred in 2006 or 2007, and Plaintiff has not justified delayed

10  discovery or a basis for equitable tolling.  See Code Civ. Proc. § 338(d); see Hague v. Wells Fargo

11  Bank, N.A., 2012 U.S. Dist. LEXIS 41013, at *14, 2012 WL 1029668 (N.D. Cal. March 26, 2012)

12  ("Where there existed, from the time the loan was made, papers which disclosed the terms of the

13  loan, it would seem that reasonable diligence would have enabled Plaintiff to discover the

14  problem.").  The second claim for predatory lending is subject to a one-year statute of limitations

15  which has also expired based on the date Plaintiff obtained the loan.  See Deleon, 729 F. Supp. 2d at

16  1127-28 ("California Code of Civil Procedure § 340 provides a one-year limitation period for

17  statutes such as §§ 4973 and 4979.6 that do not prescribe a different period.").  The third claim

18  under the UCL is time-barred by the four-year limitations period provided by Business and

19  Professions Code § 17208.

20         Furthermore, Plaintiff has not plead the fraud-based claims - Claims 1, 3 and 5 - with

21  requisite particularity.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with

22  particularity the circumstances constituting fraud or mistake.").  The allegations must be "specific

23  enough to give defendants notice of the particular misconduct which is alleged to constitute the

24  fraud charged so that they can defend against the charge and not just deny that they have done

25  anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  To that end, the

26  allegations must contain "an account of the time, place, and specific content of the false

27  representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG

28

Case No. 5:12-cv-01670 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO
STRIKE

LLP, 476 F.3d 756, 764 (9th Cir. 2007). In other words, these claims must generally contain more specific facts than is necessary to support other causes of action. The general allegations in this Complaint miss the mark.

Finally, the fourth claim for declaratory relief, as plead, is not an actual cause of action but is instead an aspect of the relief sought. See Loder v. World Savings Bank, N.A., No. C11-00053 THE, 2011 U.S. Dist. LEXIS 53166, at *21-22, 2011 WL 1884733 (N.D. Cal. May 18, 2011) (citing Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168, 125 P.2d 930 (1942)).

Since all of Plaintiffs' claims are preempted and insufficient in various other ways, they will each be dismissed without leave to amend. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

## IV.   ORDER

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. All of the claims in the Complaint are DISMISSED WITHOUT LEAVE TO AMEND. The Case Management Conference scheduled for July 6, 2012, and the motion hearing scheduled for September 14, 2012, are VACATED.

Since this order effectively resolves this case, judgment will be entered in favor of Defendant, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 3, 2012

EDWARD J. DAVILA
United States District Judge

Case No. 5:12-cv-01670 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE